# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7389 | **DATE** | 5/16/2012 |
| **CASE TITLE** | Catalina London, Ltd. Vs. Fencl, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff insurance company, Catalina London, Ltd. formerly known as Alea London, Ltd. ("Alea"), filed a one count complaint alleging legal malpractice against defendants Johnson & Bell, Ltd., Glenn F. Fencl, Richard Gordon, and Mary Cryar (collectively "J&B" or defendants), arising from representation in an insurance coverage dispute and subsequent declaratory judgment action in the Circuit Court of Cook County. Defendants move to dismiss the complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim. For the reasons stated below this Court denies the motion. Status hearing set to June 25, 2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**Background**

Alea issued a commercial general liability insurance policy to Tri-K Development in April 2005. Thereafter, William and Noel Weber sued Tri-K for personal injuries suffered by William Weber in a motorcycle accident that occurred near one of Tri-K's development projects. Alea retained the defendants to provide advice and representation related to the extent of Alea's obligations on the policy and how to proceed if it was believed that Tri-K had no coverage on the policy for the Weber lawsuit. Defendants provided advice and representation including filing a declaratory judgment action in the Circuit Court of Cook seeking a declaration that Alea had no duty to defend Tri-K in the Weber lawsuit. Over the course of the representation, Alea engaged substitute counsel to take over the case from defendants.

Alea filed the instant legal malpractice claim alleging that defendants negligently represented Alea by failing to exercise the care and skill ordinarily required for attorneys. Specifically, Alea alleges that defendants failed to adequately research and assess the possible defenses to their duty to defend on the policy, including a claim for rescission based on Tri-K's alleged misrepresentations on its application for insurance coverage. Alea alleges that defendants negligently failed to recognize and consider a possible rescission defense and that as a result of defendants' negligence Alea suffered financial losses from losing a possible defense to coverage.

**Legal Standard**

In order for a complaint to survive a motion to dismiss pursuant to Rule 12(b)(6), it must allege sufficient factual material to state a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "The Court explained in *Iqbal* that 'the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011)(quoting *Iqbal*, 129 S.Ct. at 1949). When deciding whether to dismiss a complaint, the court accepts all well-pleaded allegations as true (*Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)), and draw all reasonable inferences in favor of the nonmoving party. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

**STATEMENT**

A complaint need not anticipate or attempt to defuse potential defenses. *Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005).

Under Illinois law, a plaintiff claiming legal malpractice must plead and prove that: the defendant attorney owed the plaintiff a duty of care arising from the attorney-client relationship; that the defendant breached that duty; and that as a proximate result, the plaintiff suffered injury in the form of actual damages. *Governmental Interinsurance Exch. v. Judge*, 221 Ill. 2d 195, 199 (Ill. 2006) (internal citations omitted). When the alleged negligence arises from litigation, the plaintiff must plead and prove that "but for" the attorney's negligence, the client would have been successful in the underlying law suit. *See Sheppard v. Krol*, 218 Ill. App. 3d 254, 256-57 (1st Dist. 1991). Therefore, in order to prevail in a legal malpractice claim, the plaintiff must prove a "case within a case." *See Eastman v. Messner*, 188 Ill. 2d 404, 411 (Ill. 1999) (collecting cases).

Here, defendants do not dispute the existence of a duty, but assert that Alea fails to adequately plead that defendants breached that duty and that defendants' breach proximately caused injury to Alea. Defendants argue that any failure to raise or address rescission as a possible ground for denial of coverage was purely professional judgment and is not actionable. The law distinguishes between negligence and errors of judgment. *Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban & Fuller*, 75 Ill. App. 3d 516, 522 (1st Dist. 1979). An attorney may be liable for malpractice only when he fails to exercise a reasonable degree of care and skill. *Id.* The complaint alleges that defendants were negligent in that they failed to recognize, research, and assess rescission as a possible defense to coverage in the underlying action. A failure to recognize or identify a potential claim is different from exercising professional judgment by considering a possible claim and rejecting it on some basis. "The question of whether an attorney has exercised a reasonable degree of care and skill is one of fact." *Id.* Thus, the question of whether defendants exercised a reasonable degree of care and skill is beyond the purview of a motion to dismiss.

Defendants also argue that when Alea discharged them from further representation and the Novak firm took over, the rescission claim was still viable. A client cannot prevail on a legal malpractice claim against his attorney if the underlying cause of action was viable at the time the attorney was discharged. *See Land v. Greenwood*, 133 Ill. App. 3d 537, 541 (4th Dist. 1985). The complaint alleges that through Novak, Alea's successor counsel, it attempted to raise rescission as a basis for denial of coverage in the underlying declaratory judgment case. The underlying case however was in the midst of briefing summary judgment motions. Although Alea filed a supplemental brief raising the issue of rescission, ultimately the court found Alea had a duty to defend Tri-K in the Weber action. In so ruling, the court noted that Alea had not previously argued that Tri-K made material representations in its application and that the policy might be subject to rescission. Thus, a reasonable inference to be drawn from these allegations is that rescission may have been a viable basis for denial of coverage if it had been raised earlier in the litigation. In any event, the allegations suggest that the viability of the rescission claim at the time defendants were discharged from representation is a disputed question of fact. *See Mitchell v. Schain, Fursel & Burney, Ltd.*, 332 Ill. App. 3d 618, 621 (1st Dist. 2002). If rescission was a valid basis for denial of coverage had it been raised earlier in the underlying proceedings, then Alea's allegations that it suffered pecuniary losses by paying for coverage on the policy were the proximate result of defendants' failure to recognize the claim and but for defendants negligence Alea would have prevailed. Taking the allegations in the complaint as true, as this Court must at this stage, Alea has sufficiently pleaded a plausible claim for legal malpractice.

Accordingly, defendants' motion to dismiss is denied. Status hearing set to June 25, 2012 at 9:00 a.m.