AEE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATALINA LONDON, f/k/a ALEA LONDON, LTD.<br>Plaintiff,<br><br>v.<br><br>JOHNSON & BELL, LTD., GLENN F. FENCL, RICHARD R. GORDON, and MARY CRYAR<br><br>Defendants. | Case No. 11 cv 7389<br><br>JUDGE SHARON J. COLEMAN<br><br>MAGISTRATE JUDGE ARLANDER KEYS |

**Memorandum Opinion and Order**

Before the Court is Defendants' Motion to Enforce Subpoena Issued to The Novak Law Firm [31]. For the reasons set forth below, Defendants' motion is granted.

In this case, Plaintiff, a liability insurer, alleges that Defendants committed legal malpractice by the purported negligent insurance coverage advice related to a declaratory judgment action filed on behalf of Plaintiff in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, *Alea London, Ltd. v. Tri-K Development, Inc., et al.*, Case No. 07 CH 21009 (the "Underlying Action"). Defendants issued a subpoena (the "subpoena") to The Novak Law Firm, the attorneys who replaced Defendants as counsel for Plaintiff in the Underlying Action. Mot. at Ex. 1. The Novak Law Firm is not a party to this case.

Plaintiff objects to the subpoena as the subpoena seeks information that is subject to the attorney-client privilege and

the work product doctrine. Plaintiff argues that the communication and decision-making actions of subsequent counsel "are not only privileged, they have no bearing on whether the Defendants discharged their duty to the Plaintiff." Resp. at 3. Defendants acknowledge that the documents requested are work product and that the attorney-client privilege applies. However, they request that this Court enter an order to enforce the subpoena issued to The Novak Law Firm, allowing them to seek production of the attorney-client communications and work product between Plaintiff and its replacement counsel, as Plaintiff has waived its privilege.

The attorney-client privilege and the work product doctrine are not absolute. *Lyon Financial Services, Inc. v. The Volger Law Firm, P.C.*, 2011 WL 3880948, *2 (S.D. Ill. Sept. 2, 2011). In Illinois, "both the attorney-client privilege and the work product privilege may be waived as to a communication put 'at issue' by a party who is a holder of the privilege." *Shapo v. Tires 'N Tracks, Inc.*, 336 Ill.App.3d 387, 394 (1st Dist. 2001)(internal citation omitted). "An implied waiver occurs where a party voluntarily injects either a factual or legal issue into the case, the truthful resolution of which requires an examination of the confidential communications." *Lama v. Preskill*, 353 Ill.App.3d 300, 305 (2nd Dist. 2004)(internal citation omitted).

Here, Defendants argue that the subpoena issued to The Novak Law Firm seeks probative information between The Novak Law Firm and Plaintiff that the Plaintiff put at issue. In this case, Plaintiff alleges that Defendants committed legal malpractice by failing to advise it that it had a valid claim for rescission of the Policy, due to a party's misrepresentation in the Application. (Complaint [1], ¶¶ 38-45, 51). Plaintiff also claims that it could not bring this allegedly valid defense in the Underlying Case because it was presented too late in the litigation, resulting in procedural forfeiture. Resp. at p. 5. Defendants respond that the evidence produced to date shows that, despite being substituted in as counsel on November 6, 2009 and supposedly knowing of the rescission theory at that time, The Novak Law Firm did not seek leave to file an amended complaint to include the claim for rescission until July 2010, approximately eight months later. Mot. at p. 3. Defendants argue that they need the information from the Novak Law Firm in order to challenge the causation and damages prongs of the legal malpractice claim against them. In addition, Defendants state that the documents could show that the Novak Law Firm "could very well have contributed to the purported malpractice at issue in this case." Reply at pp. 1-2..

Defendants argue that the information held by The Novak Law Firm is vital to their defense, because "if a cause of action is

3

viable at the time an attorney is discharged, a plaintiff cannot succeed on a legal malpractice claim against the former attorney. Mot. At p. 3; *Webb v. Damisch*, 362 Ill.App.3d 1032, 1038(1st Dist. 2005).

In its opposition to the motion, Plaintiff requests that the Court quash the subpoena issued to The Novak Law Firm, because the information sought is work product and invades the attorney-client privilege. Plaintiff adds that they have not waived these privileges as the procedural history of the Underlying Action and the public court record can provide Defendants with the information needed. Resp. at p. 6. Defendants respond that these documents do not set forth whether there was a viable cause of action for rescission at the time that they were substituted as counsel or why the rescission theory was not addressed in the supplemental briefing on the pending motion for summary judgement, the first opportunity The Novak Law Firm had to address the Court in the Underlying Action. After review, the Court does not find that the documents from the public record of the Underlying Case provide the information regarding when the Novak Law Firm realized the potential rescission claim or the possible reasons for not fully bringing the claim to the Underlying Court's attention until it filed its Motion to Amend the Complaint.

The Court has reviewed the Complaint from this action and

the court documents provided by the parties from the Underlying Action, including the court transcript from the underlying Court's ruling on the motion to amend the complaint. The core of the instant litigation is premised upon Defendants' failure to raise the rescission claim in the Underlying Action. Defendants respond that since this claim was actionable at the time the substitute attorneys, The Novak Law Firm, replaced them, Plaintiff cannot prove damages. Therefore, Plaintiff has placed the conduct of The Novak Law Firm and its communications with it at issue. The Court finds Plaintiff waived its attorney-client privilege and the work product doctrine.

## CONCLUSION

Defendants' Motion to Enforce Subpoena Issued to The Novak Law Firm is granted. Plaintiff's request to quash the subpoena is denied. The Novak Law Firm is given until October 17, 2012 to respond to the subpoena.

Date: October 10, 2012

E N T E R E D:

_Arlander Keys_
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT