# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| CATALINA LONDON, LTD., f/k/a | ) | |
| ALEA LONDON, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Case No. 11-cv-07389 |
| | ) | |
| JOHNSON & BELL, LTD., GLENN | ) | |
| FENCL, RICHARD R. GORDON, and | ) | |
| MARY CRYAR, j/s/a, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants move for reconsideration of a portion of this Court's denial of cross-motions for summary judgment on September 23, 2014 [135]. The Court set the matter for oral argument on September 23, 2015. The Court having considered both the parties' briefs and the oral arguments, this Court grants in part and denies in part defendants' motion for the reasons stated herein.

**Background**

On September 23, 2014, this Court denied cross-motions for summary judgment finding that there was insufficient factual basis in the record to determine as a matter of law that defendants' were not the proximate cause of the alleged legal malpractice, factual questions remained on the standard of care and the merits of any potential rescission claim.

This Court fully set forth the undisputed facts in its memorandum opinion and order on the cross-motions for summary judgment and only briefly summarizes the relevant facts here. Johnson & Bell were hired by Alea to provide insurance coverage opinions on whether Alea had a duty to defend in lawsuit, *Weber v. Tri-K Development*, 06-L-537. Tri-K ended up defaulting after Alea denied

coverage. Johnson & Bell, as counsel for Alea, then filed a declaratory judgment in the Circuit Court of Cook County, Law Division, on August 1, 2007, to confirm that Alea properly denied coverage and had no duty to defend Tri-K. Judge Rita Novak was assigned to the case. A fourth amended complaint was filed in the underlying *Weber* case, which defendant Gordon believed affected the declaratory judgment and he recommended withdrawing the declaratory judgment complaint. Gordon left the firm and another associate took over.

On November 6, 2009, the Novak Law Firm replaced Johnson & Bell as counsel for Alea. At the time of the substitution there were three fully briefed cross-motions for summary judgment pending with a hearing scheduled for December 15, 2009. Two weeks before the hearing, Attorney Novak moved for leave to file a supplemental brief in support of summary judgment. The proposed brief identified rescission as an alternative remedy because it was not alleged in the complaint. On February 26, 2010, Judge Novak denied in part Alea's motion for summary judgment, finding Alea had a duty to defend Tri-K as to its own acts of negligence but no duty to defend claims arising from the subcontractor's work. Attorney Novak moved for reconsideration and Judge Novak issued an amended order on May 21, 2010, clarifying her ruling without changing the outcome. On June 3, 2010, Attorney Novak moved to amend the complaint to add rescission as a remedy, and Judge Novak denied the amendment stating that rescission was "procedurally forfeited."

In the instant case, defendants assert the Attorney Novak as successor counsel was an intervening cause and thus should bear the liability, if any, for failing to timely amend the complaint to add the rescission claim. In denying the cross-motions for summary judgment, this Court stated, in relevant part, on page 7 of its Memorandum Opinion and Order with respect to the question of liability and the successor attorney:

> The issue of duty, here, dovetails with proximate cause. Whether the rescission defense was viable at the time attorney Novak substituted as counsel is central to both duty and proximate cause. An attorney's duty ceases upon discharge; therefore, if the cause of action was viable at the time of discharge of an attorney, then the

> plaintiff can prove no set of facts, which connect defendant's conduct with any
> damage sustained by plaintiff. *Land v. Greenwood*, 133 Ill. App. 3d 537, 541, 478
> N.E.2d 1203, 1206 (4th Dist. 1985).

This Court then went on to point out that proximate cause is generally a question of fact and should

never be decided as a matter of law where reasonable persons could reach different results. *See*

*Nettleton v. Stogsdill*, 387 Ill. App. 3d 743, 753, 899 N.E.2d 1252 (2d Dist. 2008). This Court

concluded this issue by finding that there was a factual question as to the viability of the rescission

claim at the time of defendants' discharge. The Court stated,

> Judge Novak allowed Attorney Novak to supplement the summary judgment
> briefing, but Attorney Novak was limited to the pleadings as to what grounds for
> summary judgment were available. This Court is unable to discern from the record
> whether Judge Novak, in her discretion, may have allowed an amended complaint in
> November 2009 when Attorney Novak took over the case. There is evidence from
> her later ruling in July 2010 where she stated rescission was procedurally forfeited.
> Attorney Novak certainly believed it was viable as he repeatedly sought to raise the
> issue. Accordingly this Court finds that a factual issue remains as to whether J&B
> forfeited rescission by failing to raise it before close of discovery and dispositive
> motions or whether rescission remained viable as a claim when Novak substituted as
> counsel.

It is this finding that defendants claim was manifest error.

**Legal Standard**

Motions for reconsideration are disfavored in this district and, while not officially part of the

Federal Rules of Civil Procedure. This district generally finds authority for such motions in the

FRCP 60(b) and the Court's inherent authority to manage its docket. Reconsideration will only be

entertained if there is "newly discovered evidence compelling reconsideration, an intervening change

in the controlling law, and manifest error of law or fact." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d

601, 606 (7th Cir. 2000).

**Discussion**

Defendants assert, as they did in their motion for summary judgment, that if a motion to

amend to plead a rescission claim was viable when they were discharged, then liability transferred to

successor counsel. In so arguing, defendants contend that this Court committed a manifest error of

law when it determined that a question of fact remained as to whether the rescission claim was still viable when Attorney Novak substituted for Johnson & Bell as counsel for Catalina London Ltd (f/k/a Alea). Defendants' insist that "viability" of the claim in this context is a question of law. Defendants also argue that this Court should reconsider its denial of summary judgment to defendant Richard R. Gordon and dismiss him from the case.

First, the Court grants the motion to reconsider with respect to defendant Richard R. Gordon. Defendants make a compelling argument for Gordon's dismissal. He left his employment with Johnson & Bell four months prior to the firm's discharge from the underlying case. Furthermore, prior to his departure from the firm, Gordon recommended that Alea withdraw the declaratory judgment complaint pending before Judge Novak to evaluate whether the Fourth Amended Complaint in the *Weber* case affected their position with respect to a duty to defend. Defendants argue that there would have been time between Gordon's departure from the firm and Johnson & Bell's discharge as counsel on the declaratory judgment for them to amend the complaint to add the rescission claim. Accordingly, this Court dismisses Gordon from the case.

Next, the Court considers the remainder of defendants' motion for reconsideration. At the outset, this Court does not believe there was a manifest error of law where the record before the Court on summary judgment did not contain a sufficient factual record for this Court to determine as a matter of law whether the rescission claim remained viable at the time of Johnson & Bell's discharge from the underlying case. This Court finds persuasive support in *Sobilo v. Manassa*, 479 F. Supp. 2d 805 (N.D. Ill. 2007). There, the court, citing *Mitchell v. Schain, Firsel & Burney, Ltd.,* 332 Ill. App. 3d 618, 612, 773 N.E.2d 1192, 266 Ill. Dec. 122 (1st Dist. 2002), reasoned that: "where the viability of a plaintiff's claim following discharge of the first attorney is in dispute, summary judgment is not appropriate." *Id.* at 816. In *Mitchell*, the Illinois Appellate Court recognized that "there may be circumstances where the first attorney could be held to be a proximate cause of

4

plaintiff's damages where his acts or omissions leave doubt about the subsequent viability of plaintiff's claim after his representation ends, such as when a statute of limitations expires one day after an attorney ceases representation and a new attorney could not reasonably recognize that problem in the time allowed." *Mitchell v. Schain, Firsel & Burney, Ltd.,* 332 Ill. App. 3d 618, 612, 773 N.E.2d 1192, 266 Ill. Dec. 122 (1st Dist. 2002). In *Mitchell*, the court ultimately concluded that there was no question that plaintiff's cause of action was still viable as a matter of law because successor counsel committed a clerical error, mislabeled the case file and as a result never filed the appropriate pleading. *Id.* The present situation is not as clear cut as in *Mitchell* and, thus, for the reasons stated in the Memorandum Opinion and Order of September 23, 2014, this Court found summary judgment inappropriate.

If this Court evaluates as a matter of law the viability of a motion to amend to add the new claim of rescission in the underlying case, this Court finds it unlikely that a reasonable judge would allow the amendment. The four factors that Illinois courts use to evaluate motions to amend are: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading can be identified." *Tri-G, Inc. v. Burke, Bosselman and Weaver*, 353 Ill. App. 3d 197, 214, 817 N.E.2d 1230, 288 Ill. Dec. 580 (2d Dist. 2004) (citing *Simon v. Wilson*, 291 Ill. App. 3d 495, 508, 684 N.E.2d 791, 225 Ill. Dec. 800 (1st Dist. 1997)). This Court notes that a party's right to amend is not absolute and unlimited. *Goldberg v. Brooks*, 409 Ill. App. 3d 106, 113, 948 N.E.2d 1108, 350 Ill. Dec. 601 (1st Dist. 2011). "[A] motion to amend that is nothing more than an attempt to evade an unfavorable summary judgment outcome should not be granted." *Freedberg v. Ohio National Ins. Co.*, 2012 IL App (1st) 110938, *P44, 975 N.E.2d 1189, 363 Ill. Dec. 880 (1st Dist. 2012).

Here, based on the four factors courts use to determine whether to grant a motion to

amend, a reasonable judge would reject such a hypothetical motion to add a new claim when discovery has closed and three motions for summary judgment are briefed and set for argument. As to the first factor, defendants argue that, if the rescission claim would have been successful, then amendment would have cured the defective pleading. Basically, defendants contend that if a claim is meritorious then it cures an otherwise defective pleading. However, this factor is more likely directed to whether an amendment aligns facts, evidence, or allegations with legal theories of recovery, thereby "curing" a complaint that is deficient legally or factually, rather than adding a meritorious claim to an otherwise non-meritorious complaint. Here, the complaint in the declaratory judgment was not necessarily defective simply because it did not identify all possible remedies.

As to the second factor, arguably the addition of a new basis for denial of insurance coverage after the close of discovery and briefing on summary judgment would prejudice and surprise the parties. The mere disclosure of the application for insurance coverage in discovery does not mean that the parties had any inkling that there was misrepresentation, especially where it conformed to testimony provided by the applicant in the underlying liability suit. Moreover, had the misrepresentation been obvious from the face of the application, it seems that defendants should have identified rescission as a basis for denial of coverage when they provided the coverage opinion to Alea.

As to the third factor, while there is liberal amendment to pleading allowed in Illinois, even after summary judgment motions have been ruled on, typically amendment at such a late stage is permitted to ensure the pleadings conform to the evidence. That is not the situation presented here.

Lastly, defendants all but admit that the complaint could have been amended earlier. Indeed, since plaintiff's claim against defendants is not that they did not amend the complaint in time, but that they failed to provide coverage advice that met the standard of care by failing to identify all

possible reasons for denying coverage, the fact that they had opportunities (they did amend the complaint) to add the rescission claim underscores the possibility that defendants were the proximate cause of plaintiff's damages. Accordingly, this Court finds that a reasonable judge considering a hypothetical motion to amend the complaint in the underlying action to add the claim of rescission would not allow the amendment.

After reconsidering the Court's prior Order pursuant to defendants' motion, this Court dismisses defendant Gordon from the case and declines to otherwise alter or amend its prior order summary judgment in favor of defendants. The motion to reconsider is granted in part and denied in part.

IT IS SO ORDERED.

Date:  September 25, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge